UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA FOURNIER,<br><br>               Plaintiff,<br>      v.<br><br>COMMONWEALTH OF MASSACHUSETTS,<br>EXECUTIVE OFFICE OF THE TRIAL COURT,<br><br>               Defendant. | Civil Action No.: 1:18-cv-10865-NMG |

## **MOTION FOR JUDGMENT AS A MATTER OF LAW ON MITIGATION**

Plaintiff moves for judgment as a matter of law on the affirmative defense of mitigation, pursuant to Fed. R. Civ. P. 50. As the First Circuit held:

> As long as the claimant has made some effort to secure other employment, the burden to prove failure to mitigate normally resides with the defendant-employer, which then must show that (i) though substantially equivalent jobs were available in the relevant geographic area, (ii) the claimant failed to use reasonable diligence to secure suitable employment.
>
> *Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 16 (1st Cir. 1999) (citations omitted).[1]

---

[1] In *Ford Motor Co. v. Equal Employment Opportunity Comm'n,* 458 U.S. 219, 231, 102 S. Ct. 3057, 73 L. Ed. 2d 721 (1982), the United States Supreme Court reasoned that, under Title VII, an "unemployed or underemployed claimant need not go into another line of work, accept a demotion, or take a demeaning position." Other jurisdictions have similarly defined comparable employment as employment that offers similar long-term benefits and opportunities for promotion as compared to the original position. *See Greenway v. Buffalo Hilton Hotel,* 951 F. Supp. 1039, 1061 (W.D.N.Y. 1997), aff'd as modified, 143 F.3d 47 (2d Cir. 1998) ("In order for the work to be comparable or substantially similar, the new position must afford a plaintiff virtually identical promotional opportunities, compensation, job responsibilities, working condition, and status as the former position"); *see also, Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983), cert. denied, 466 U.S. 950, 104 S. Ct. 2151, 80 L. Ed. 2d 537 (1984); *Meyer v. United Air Lines, Inc.*, 950 F. Supp. 874, 876 (N.D. Ill. 1997).

At trial, Fournier testified about the efforts she made to find substantially equivalent jobs after she was terminated, and that testimony was supported by Plaintiff's vocational expert, Kerry Skillin.  Defendant's own vocational expert, Dr. Charles Sodikoff then agreed in testimony today that Ms. Fournier had made "some effort," thus satisfying Plaintiff's initial burden.  Specifically, Dr. Sodikoff testified as follows:

> **Q.    We can dispute at some level how effective her job search was, but you would agree she has engaged in some efforts for the job search?**
>
> **A.    "Some" is a good word for it, yup.**

Thus, as a matter of law, the burden has shifted to Defendant to prove its affirmative defense.  In that regard, Defendant then failed entirely to introduce any of the evidence required by the First Circuit concerning comparable work.[2]  In fact, Defendant's own vocational expert, Dr. Charles Sodikoff, testified further that he was unable to identify a single job to which Plaintiff should have applied.  Specifically, Dr. Sodikof testified as follows:

> **Q.    Just to make sure that I understand completely. And you haven't found a single job for which Maria would have been qualified -- you didn't testify about a single job for which Maria would have been qualified for, correct?**
>
> **A.    That was not my job to do. So yes, that's correct.**

Interestingly, Defendant's expert went on to testify as follows:

> **Q.    Can you make that conclusion because, as you say in your opinion, her termination from a position with the trial court likely makes it difficult to find another job in Massachusetts state government, right?**

---

[2]   *See Trainor v. HEI Hospitality, LLC*, 699 F.3d 19, 30 (1st Cir. 2012) ("A failure to mitigate damages is in the nature of an affirmative defense and the defendant, therefore, must carry the devoir of persuasion on this issue.").

2

      **A.**     **Yes.  I think so.**

As such, Defendant has failed to meet its burden on mitigation, and thus no affirmative defense is available to reduce any award.  Thus, the presumptive full award of back pay which would have accrued from the termination date to the entry of judgment must be made if the jury finds liability.  See *Quint*, 172 F.3d at 15.

Massachusetts law reads similarly, namely that the employer bears the burden of proof on the issue of mitigation of damages.  See *McKenna v. Commissioner of Mental Health*, 347 Mass. 674, 677 (1964).  An employer meets this burden of proof by proving the following:

> "(a) one or more discoverable opportunities for comparable employment were available in a location as convenient as, or more convenient than, the place of former employment, (b) the improperly discharged employee unreasonably made no attempt to apply for any such job, and (c) it was reasonably likely that the former employee would obtain one of those comparable jobs."
>
> *Black v. School Comm. of Malden*, 369 Mass. 657, 661-662, 341 N.E.2d 896 (1976).

As this Court is aware, the law does not impose upon a plaintiff an obligation to take *any job* – only ones which are substantially equivalent.  For example, a corrections officer need not take positions as a restaurant employee, carpenter or bouncer.[3]

In short, the burden to prove this defense rests squarely on the employer, and Defendant has failed to meet its burden, and this Court should enter judgment on the affirmative defense of mitigation and award Plaintiff all back pay which would have

---

[3] *Boston Police Department*, 98 Mass. App. Ct. at 771; *Bennett v. Capitol BC Rests., LLC*, 54 F. Supp. 3d 139, 148-149 (D. Mass. 2014) ("Defendant carries burden to prove that two positions are substantially equivalent") (citing *Trainor v. HEI Hospitality, LLC*, 699 F.3d 19, 29 (1st Cir. 2012)).

accrued from the termination date to the entry of judgment if Plaintiff establishes liability. The jury instructions and verdict form should so reflect.

Respectfully submitted,

MARIA FOURNIER,

By her counsel,

/s/ Benjamin Flam
Philip J. Gordon (BBO# 630989)
Benjamin Flam (BBO# 671853)
GORDON LAW GROUP, LLP
585 Boylston Street
Boston, MA 02116
Phone: (617) 536-1800
Fax: (617) 536-1802
pgordon@gordonllp.com
bflam@gordonllp.com

Dated: June 2, 2022

## Certificate of Service

I hereby certify that this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Benjamin Flam
Benjamin Flam